USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 8 200_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DARREN BROOKS by his f/n/g DENNIS SMITH &
DENNIS SMITH, IND.,

            Plaintiffs,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER JOEY
BRIAN LUCKOWSKI, SHIELD # 23188, POLICE
OFFICER JOHN ACCONI, SHIELD # 5075, & POLICE
OFFICER HECTOR MORALES,

            Defendants.

-------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

07 CV 3170 (PAC)

  **WHEREAS**, plaintiffs are seeking certain documents from defendants City of New York and Police Officers Brian Lukowsky, John Acconi and Hector Morales in discovery in this action, documents which defendants deem confidential, and

  **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

  **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiffs and defendants, as follows:

  1. As used herein, "Confidential Materials" shall mean certain personnel records of the individual defendant officers and the information contained therein; and other documents that may be, from time to time, designated by defendants as "Confidential Materials," except that such documents and information shall not be deemed "Confidential Materials" to the extent, and

only to the extent, that they are (a) obtained by plaintiffs from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

3. Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiffs, to an expert who has been retained or specially employed by plaintiffs' attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies and non-conforming copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the confidential materials in any manner.

Dated: New York, New York
       8/29      , 2007

Michael Colihan, Esq.
44 Court Street
Suite 911
Brooklyn, New York 11201

By: _____
    Michael Colihan (MC0826)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
CITY OF NEW YORK, BRIAN
LUKOWSKY, JOHN ACCONI and
HECTOR MORALES
100 Church Street, Rm. 3-162
New York, New York 10007
(212) 788-9391

By: _____
    Barry K. Myrvold (BM6908)

SO ORDERED: 10/18/07

_____
PAUL A. CROTTY, U.S.D.J.

-4-

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York in the action entitled Darren Brooks, et al. v. The City of New York, et al., 07 CV 3170 (PAC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____            _____
            Date                                       Signature


                                        _____
                                                    Print Name


                                        _____
                                                    Occupation