UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

DARIEN BROOKS, et al

                        Plaintiff

    -against-            ATTORNEY'S AFFIRMATION
THE CITY OF NEW YORK, ET AL           CV 07 3170

                      Defendants
---------------------------------------------------------------------------X
THIS ACTION IS ASSIGED TO JUDGE PAUL CROTTY

      MICHAEL COLIHAN, an attorney duly licensed to practice before all the Courts of the state of New York, affirms the truth of the following under penalties of perjury:

1. I am the attorney for DARIEN BROOKS, an infant under the age of 18 years having been born on February 1, 1992 and his father DENNIS SMITH, on the derivative claim. I make this affidavit in support of the within application to compromise and settle this action. I am fully familiar with all the facts and circumstances as set forth herein.

2. The causes of action sought to be settled and compromised herein arose on March 30, 2007 when DARIEN BROOKS was arrested by members of the New York City Police Department and charged with Criminal Possession of a Controlled Substance in the Third Degree and other related offenses. The arrest took place at or near 571 St. John's Place in the County of Kings. During the course of said arrest the infant plaintiff suffered a fracture to his orbital floor for which he was treated and released at Kings County Hospital. He subsequently plead guilty to the

    narcotics charge in the Family Court of Kings County. He admitted to the possession of cocaine and heroin.

3. I was retained on or about April 15, 2007 to represent the infant plaintiff in connection with this incident. The retainer agreement provided that Michael Colihan receive as an attorney's fee the sum of one third the net sum recovered, whether by suit, settlement or otherwise, after reimbursement to them of disbursements and expenses.

4. The defendants have made a final offer of settlement of Nanty Five Thousand Dollars in full satisfaction of this claim. I have told my clients that it is not at all clear what a jury would do in this matter, since the infant plaintiff was arrested with a quantity of narcotics at the time of his apprehension and injury and that a jury might hold this against him despite has injuries. In addition, the only witnesses to this occurrence are New York City Police Officers (one of whom my attorney has already deposed) and these men cannot be expected to testify favorably for the infant plaintiff. In addition, the infant plaintiff has made a complete recovery and has full use of both his eyes.

5. I have performed the following services in connection with this action. Initial interview of the client at their home on Crystal Street in the East New York section of Brooklyn, visit with the client Darien Brooks while he was incarcerated, obtaining the file of the Family Court on the plaintiff's matter there and reviewing same, obtaining the records of Kings County Hospital for the plaintiffs injuries and treatment and reviewing same, which were 200 plus pages, preparing, filing and serving a summons, complaint, civil cover sheet and Rule 7.1 statement, reviewing the answer of the City of New York and its Rule 26 initial disclosures, preparing plaintiff's Rule 26 disclosures, preparing and serving the plaintiff's interrogatories and document requests and reviewing the City's

responses to same, preparing and serving responses to the City's interrogatories and document requests, preparing and responding to numerous letters, emails and telephone calls from the Law Department, six separate visits to the plaintiff's home in the East New York section of Brooklyn for the purposes of investigation, signing of pleadings, signing of the retainer agreement and initial investigation, preparation for a deposition, and the signing of settlement documents, investigation at the scene of the occurrence , preparation for the deposition of defendant officer John Acconi, the deposition of defendant Acconi itself, visits to the plaintiff's physician to ascertain his medical condition, attending conferences before this Court, Preparation and service of a Notice of Claim against the City of New York, and a motion to compel discovery from the Law Department.

6. In addition, I have paid for the following "out of pocket" expenses related to the prosecution of this matter: (1) the filing fee of this Court of $350.00, service of process on three defendants at $175.00, $38.00 for the records of Kings County Hospital documenting the plaintiff's injuries, the fee of $550.00 for the narrative report of Dr and the sum of for the deposition of Officer John Acconi to Diamond reporting, $517.00, for a total of $1630.00..

7. The retainer agreement in this matter provided that the plaintiff's pay to your affirmant one third the net sum recovered, after the deduction of the aforementioned expenses necessary to the prosecution of this action. The deduction of expenses of $1630.00 minus the attorney's fee of $31,092.21 from the gross recovery of leaves the net recovery of $63, 907.79. Your affirmant respectfully requests that the aforementioned fee be allowed in view of the extensive services rendered by counsel under less than ideal circumstances. I request this recovery be allotted as follows To Michael Colihan Esq. the sum of $1630.00 as and for disbursements, to Michael Colihan, Esq. the sum of $31, 092.21 as and for the attorney's fee and to

   the infant plaintiff Darien Brooks the sum of $63, 907.79 for his net proceeds.

8. It is respectfully requested that if the Court approve this settlement that the infants share of the recovery be placed in an interest bearing account to be held for the infant DARIEN BROOKS until his 18th birthday.

9. Upon information and belief there are no monies due and owing for hospital or medical services to any person or institution as a result of services rendered due to this incident.

10. Neither I, nor, upon information and belief any other person, have become concerned in this application or the subject matter thereof, at the insistence of the defendants, nor have I received, nor am I to receive any compensation from the defendants, and the only monies I have or I will receive is this fee to be awarded by the Court.

11. No prior application for the relief requested has been made.

   WHEREFORE, it is respectfully requested the relief requested be granted in its entirety, together with such other and further relief as may seem just in the premises.

                                    _____
                                    MICHAEL COLIHAN

CERTIFICATION OF SERVICE

  I hereby certify under penalties of perjury that on January 19, 2007 I caused a true & correct copy of the plaintiff's Proposed Order and Affirmation to be filed on ECF and sent to Law Department of the City of New York, 100 Church Street, NY, NY 10007 via regular mail.

April 22, 2008.　　　　　　　　　_____
　　　　　　　　　　　　　　　　Michael Colihan